[L. A. No. 771.   Department One. — March 12, 1901.]

J. W. SMITH et al., Appellants, v. STEARNS RANCHOS
COMPANY et al., Respondents.

CANAL — RESERVATION IN GRANT — EASEMENT — PROPORTIONATE SHARE
OF EXPENSE — SHUTTING OFF WATER — REIMBURSEMENT. — A reser-
vation, in the grant of a canal, of a right of way to carry through the
canal a specified quantity of water reserved by the grantor, subject
to the payment of a specified proportionate share of the expense of
maintaining and repairing the canal, gives to the grantor an ease-
ment, which constitutes property, of which he cannot be deprived
by the shutting off of the water reserved for non-payment of a pro-
portionate share of the expenses charged by the grantee, who is not
the sole judge of what sum is to be paid by the grantor.   The
grantor's proportionate share of the expense cannot be determined
in advance; and the right of the grantee under the reservation is
simply to be reimbursed by the parties having the easement, in the
proportions stated in the reservation.

APPEAL from a judgment of the Superior Court of River-
side County.   J. W. Ballard, Judge.

The facts are stated in the opinion of the court.

John G. North, and Purington & Adair, for Appellants.

Conditions are not favored in law; and clauses will be con-
strued as covenants wherever possible; and will be so con-
strued where no forfeiture is provided for.   (2 Devlin on
Deeds, sec. 970; Lawson's Rights, Remedies, and Practice, sec.
2762; *Cullen* v. *Sprigg*, 83 Cal. 64.)   The words, " subject to,"
imply a covenant of indemnity.   (9 Am. & Eng. Ency. of
Law, 1st ed., p. 962.)   A reservation is to be construed in
favor of the grantor.   (Civ. Code, sec. 1069; *Martin* v. *Lloyd*,
94 Cal. 203.)

E. W. McGraw, for Respondents.

The easement was upon condition, and the water company
had the right to shut off the water for non-performance of the
condition.   (*Sheward* v. *Citizens' Water Co.*, 90 Cal. 635;
*Tacoma Hotel Co.* v. *Tacoma Land and Water Co.*, 3 Wash.
316;[1] *Smith* v. *Philadelphia*, 81 Pa. St. 38.[2])   Gas may be

[1] 28 Am. St. Rep. 35.          [2] 22 Am. Rep. 731.

shut off for non-payment of rates.    (*People* v. *Manhattan Gas Light Co.*, 45 Barb. 136.)

VAN DYKE, J.—This was a suit for an injunction to restrain the defendants from stopping the flow of plaintiffs' water in the North Riverside and Jurupa Canal, or depriving the plaintiffs of the enjoyment of their easement therein. A temporary injunction was granted as prayed for, and after the trial the injunction was made permanent, "provided, however, that said defendant I. D. Rogers may, at any time he may desire, make out and present to each and every of said plaintiffs herein a statement, claim, or bill for and on account of their proportion of the expense of the maintenance and repair of said canal during the times hereinbefore mentioned, eliminating therefrom the charge above named of $135 for abstracting, and that thereafter the said defendant I. D. Rogers may apply to this court to have this decree vacated and set aside as to the injunction hereinbefore granted, and upon sufficient showing to this court that such statement, claim, or bill eliminating said charge for said abstracting has been so made out and presented to plaintiffs, then said defendant I. D. Rogers shall be entitled to have this decree, so far as it grants an injunction against said defendant, vacated and set aside."

The plaintiffs appeal from the judgment so made and entered. On February 5, 1890, the North Riverside Land and Water Company, a corporation, party of the first part, then the owner of the canal or irrigating-ditch referred to in this case, conveyed the same by deed of that date to the Stearns Ranchos Company, a corporation, party of the second part, which deed contained the following reservation: "Hereby especially reserving, however, the perpetual right of way to carry through such canal the 350 inches of water, being same 350 inches of water reserved by first party in its conveyance of other water to second party by indenture dated March 23, 1888, . . . subject, however, to the first party's paying the proportion of the entire expense of maintaining and repairing such canal that 350 inches of water sustains and bears to the entire amount of water from time to time being carried through such canal." In *Rogers* v. *Riverside Land and Water Company*, *ante*, p. 9, we had occasion to consider this grant, and the reservation in said conveyance above quoted, and to determine what expenses or services were or might be included within

the terms, "maintaining and repairing such canal." The plaintiffs and appellants, fifty-two in number, are grantees and successors of the North Riverside Land and Water Company, and the defendant and respondent I. D. Rogers is the lessee of the Stearns Ranchos Company, and in the management and possession of said canal or irrigating-ditch. The water in question, which it is sought to restrain the defendant from shutting off or interfering with, belongs to the several plaintiffs and appellants, and not to the owner of the canal, or the lessee of such owner, and it is contended on the part of appellants that their right to have such water flow through said canal is not dependent upon the condition precedent that they should pay the proportion of the expenses specified in the reservation referred to, but that the meaning is, that the party to whom such right is reserved agrees or covenants to pay such proportion of the entire expense. We think the contention of the appellants must be sustained. It cannot be determined in advance what the expense of maintaining and repairing the canal will be, nor can the whole amount of water carried in the canal at any particular time be determined in advance; and by the right reserved in said grant it is only agreed to pay the proportion of the entire expense "that 350 inches of water sustains and bears to the entire amount of water from time to time being carried through such canal." There may be a wide difference of opinion between the owner of the canal and the owner of the portion of water entitled to have it carried therein, in reference to the expenses of maintaining and repairing the canal. There is nothing in the language of the reservation from which it can be inferred that the parties to the deed intended that the owner of the canal should, in such case, be the sole judge of what should constitute maintaining and repairing, or the amount thereof. In this case, for instance, the defendant Rogers, in his claim for maintaining and repairing the canal, overcharged to the extent of $135, which was disallowed by the court. The right of the appellants to have their water carried through the canal under the terms of the reservation in question is an easement, and constitutes property. It would not do to give the owner or the manager of the canal the power to deprive the owner of the water of the right to have the same conveyed therein, unless he should submit to paying such expenses for maintaining and repairing as the company or its lessee might see fit to charge. The cases referred to by respond-

ent's counsel, of water companies or gas companies possessing the power to shut off water or gas for non-payment of rates, has no application here. In such cases the rate of water or gas is previously ascertained and fixed. Here, as already stated, the proportion of the expenses to be paid is not fixed, and in the nature of things cannot be fixed in advance. Besides, water and gas companies own the water or gas, as the case may be, supplied to the customer, and should not be compelled to part with their property without being paid therefor. Here, the owner of the canal does not own the water, and when it flows down to the owner thereof, the canal company parts with no property. The right of the Stearns Ranchos Company, under the terms of the reservation, is simply to be reimbursed for the expenses of maintaining and repairing the canal, by the parties having an easement therein, in the proportions stated in the said reservation.

The judgment is reversed and the cause remanded.

Garoutte, J., and Harrison, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank, and filed the following opinion on the 11th of April, 1901:—

BEATTY, C. J.—I dissent from the order deny a rehearing of this cause. The opinion of the court is based upon the ground that the canal company cannot arbitrarily make assessments for the cost of maintaining and operating the works, and enforce payment by shutting off the supply of delinquents. Concede this proposition, and it does not follow that this judgment should be reversed or modified. The judgment of the superior court is not inconsistent with this view. The defendant threatened to shut off the water from plaintiffs if they failed to pay certain assessments. He was temporarily restrained from carrying out this threat, and the question was litigated as to the real amount due from the plaintiffs as their share of the expenses incurred in maintaining and operating the canal. It was found that $135 less was due, in the aggregate, than had been charged. Upon this fact being found, the superior court enjoined the defendant from shutting off the water for failure to pay the assessment bills as presented; but,

provided that the defendant might present corrected bills for the sums actually due, and if such bills were not paid, he could move to modify the judgment. In other words, the court merely reserved the right to relieve the defendant from the injunction, if it should be made to appear that the plaintiffs, or any of them, refused to pay assessments not arbitrarily made by the canal-owner, but judiciously ascertained by the court itself. It decided that it would not, by injunction, compel the canal-owner to go on performing its contract when the water-takers were refusing to perform on their part; that it would not afford equitable relief to parties who deliberately refused to do equity. The propriety of this decision appears to me to be unquestionable, but it is this part of the judgment which is reversed, and the result is, that the defendant must go on furnishing zanjeros, meters, gates, etc., for measuring out the water, and keeping up the canal at large expense, with no means of enforcing payment from water-takers of their share of the expense, except separate actions in the courts against the respective delinquents. In effect, a specific performance is decreed in favor of parties who refuse to perform, and the party enjoined is remitted to another action, or series of actions, to enforce his right under the contract. This is not equity. The judgment of the superior court was equity.