[Sac. No. 3793. In Bank.—August 29, 1927.]

CHARLES E. HAND et al., Respondents, v. JOHN P. CLEESE, Appellant; GUISEPPE GASPARINI et al., Respondents.

[1] WATERS AND WATER RIGHTS — CONTRACT — CONSTRUCTION OF. — In this action to enjoin the defendants from diverting the waters of a certain stream and from interfering with the flow of said waters to plaintiffs' lands, it is held that from the construction of a contract entered into between plaintiffs' predecessor and one of the defendant's predecessors and from the circumstances surrounding the making of the agreement, the right of plaintiffs' predecessor as an appropriator of the waters in question was recognized and acquiesced in by the predecessors in interest of said defendant.

[2] ID. — ABANDONMENT — EVIDENCE. — In such action it is held that, although the evidence is conflicting, there was sufficient evidence to sustain a finding to the effect that plaintiffs and their predecessors in interest did not at any time abandon their right to the waters in question nor cease to use them until prevented by said defendant.

[3] ID. — DIVERSION OF WATERS — RIGHT OF APPROPRIATOR. — An appropriator of water has a right to change the means of diversion where the change does not injure anyone.

1. See 25 Cal. Jur. 1165.

2. Abandonment or loss of right of prior appropriator, note, 30 L. R. A. 265. See, also, 26 Cal. Jur. 247; 27 R. C. L. 1281.

3. Change in place or mode of diversion or use, note, 60 Am. St. Rep. 813. See, also, 26 Cal. Jur. 101, 172, 175; 27 R. C. L. 1279.

[4] ID. — CONTINUED BENEFICIAL USE BY APPROPRIATOR — CONTRACT RIGHT—TENANTS IN COMMON.—In such an action, where the court finds that the plaintiffs and their predecessors in interest made continual beneficial use of the waters awarded to them, it is unnecessary to determine whether the parties were tenants in common of the water by virtue of the agreement in question, as such a relationship would not be essential to plaintiffs' recovery unless it were also true that they had abandoned the water, in which case the possession and use of one tenant in common would be the possession and use of the other, unless the tenant out of possession was informed that his cotenant was holding adversely.

[5] ID.—DIVISION OF WATER—CONSTRUCTION OF CONTRACT.—It is held in this action that the trial court's determination, from a construction of the contract in question and the circumstances surrounding it, that the intentions of the predecessors in interest of the parties were to divide the water equally is a fair decision.

[6] ID. — REPAIR AND RENEWAL OF DITCH — AGREEMENT TO DEFRAY EXPENSES—PENALTY FOR BREACH.—In such a case, where the agreement provided that the parties were to share the expense of repairing and renewing the ditch from time to time, failure to perform this obligation did not forfeit the right of the defaulting party to the water, but merely gave the other party a right of action to recover one-half of the amount expended in the repairs.

[7] ID. — PREPARATION OF FINDINGS — MOTION TO DISMISS.—There was no abuse of discretion by the trial court in such action in not hearing but continuing from September 6, 1924, to October 16, 1924, a motion to dismiss the action because of the failure of plaintiffs to prepare findings by the first mentioned date, the findings having been submitted and signed before the date to which the motion was continued.

---

(1) 40 Cyc., p. 734, n. 32. (2) 40 Cyc., p. 733, n. 28. (3) 40 Cyc., p. 720, n. 19. (4) 40 Cyc., p. 739, n. 82. (5) 40 Cyc., p. 739, n. 87. (6) 40 Cyc., p. 762, n. 84. (7) 4 C. J., p. 1020, n. 79.

APPEAL from a judgment of the Superior Court of El Dorado County. W. A. Anderson, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. Fitzgerald and Edward F. Treadwell for Appellant John P. Cleese.

---

7. See 9 Cal. Jur. 526.

H. E. Dillinger for Respondents Guiseppe and Amelia Gasparini.

Abe Darlington, Henry S. Lyon and Chas. A. Swisler for Respondents Charles E. Hand and Sarah T. Celio.

LANGDON, J.—Plaintiffs brought this action to enjoin the defendants from diverting the waters of a stream known as "Johnson's North Canyon," and from interfering in any way with the flow of said waters to plaintiffs' lands through ditches thereon. Plaintiffs' land does not border on the stream and their rights have been acquired by appropriation. From the judgment of the trial court to the effect that plaintiffs and defendant Cleese are the owners as tenants in common of a specified amount of water of said stream and that plaintiffs are entitled to use one-half thereof on their lands, and that defendants Gasparini are the owners of and entitled to use on their land a small quantity of the water of this stream, defendant Cleese has appealed.

There is no serious dispute about the correctness of the findings of fact and they find support in a voluminous record of the proceedings at the trial. These findings disclose the following facts:

That at the time of the commencement of this action the plaintiffs were and ever since have been, and for many years prior thereto they and their grantors and predecessors in interest had been, continuously the owners of and in possession of certain lands, particularly described in the complaint and in the findings, which were located in county of El Dorado, state of California, and known as the "Johnson Ranch," and on which they raise hay and other crops.

At the time of the commencement of this action the defendant John P. Cleese was the owner, in possession of and entitled to the possession of, and for many years prior thereto he and his predecessors and grantors had been the owners of, in possession and entitled to the possession, of certain lands situated in the county of El Dorado, state of California, adjoining the lands of plaintiffs.

The defendants Guiseppe Gasparini and Amelia Gasparini were at the time of the commencement of this action, and for many years last past have been, the owners of certain land

situated in said county of El Dorado, together with a certain private ditch leading from Johnson's North Canyon.

Since prior to the year 1864 there has been a certain water ditch, known as and called "Johnson's Ditch," commencing in a certain canyon, known as Johnson's North Canyon, in the southeast quarter of section 36, township 11 north, range 11 east, Mount Diablo base and meridian, in said El Dorado County, and running thence to and through and over a portion of the lands of the defendant John P. Cleese and thence to the lands of the plaintiffs, which said ditch has been used at all times since its construction, and since prior to the year 1864, and is now used to divert and convey a portion of the waters flowing in said Johnson's North Canyon, said canyon at all of said times having therein and flowing at the head of said ditch a stream of natural water varying in quantity according to the season of the year from twelve inches, miner's measurement, during the summer and fall to a greater quantity at other seasons of the year. Said ditch was constructed prior to the year 1864 by one J. C. Johnson, who then lived on the lands known as the "Johnson Ranch" and said ditch was thereafter used by him to convey, and he did thereby actually appropriate and convey, the waters of said Johnson's North Canyon to and on the said Johnson Ranch, where the said water was used by him for irrigating and domestic purposes from the time said ditch was constructed until he moved away from said lands about the year 1874.

Said water was also used on said Johnson Ranch, through and by means of said ditch, for mining purposes by the said J. C. Johnson and by his grantee, A. J. Blakeley, who also used said water on said Johnson Ranch for irrigating purposes from the time he acquired said ranch and ditch by deed from said Johnson and wife on June 23, 1874, until the time of his death October 12, 1916. And each year since the death of said A. J. Blakeley, his successors in interest, including the plaintiffs in this action, in said Johnson Ranch and ditch have, until prevented from so doing by defendant Cleese in July, 1920, used a portion of the waters of Johnson's North Canyon, through and by means of said ditch, for irrigating crops growing in said Johnson Ranch.

This Johnson ditch, before reaching said Johnson Ranch, crossed over and through certain lands known as the "Maxwell

Ranch,'' which is now owned by the defendant Cleese, and which adjoins the said Johnson Ranch.

For many years prior to the commencement of this action, the defendant Cleese and his predecessors in interest in said Maxwell Ranch used a portion of the water of said Johnson ditch for irrigating purposes on the Maxwell Ranch, but until the month of July, 1920, such use of said water by the defendant Cleese and his predecessors in interest in said Maxwell Ranch was by permission and with the consent of the said J. C. Johnson and his successors in interest, including the plaintiffs herein.

On the eleventh day of January, 1864, the said J. C. Johnson, who then occupied, claimed, and owned the said Johnson Ranch, and who is the predecessor in interest of the plaintiffs herein, and one Michael Maxwell, who then occupied the said Maxwell Ranch and who was the predecessor in interest of said defendant Cleese, entered into and executed an agreement in writing as follows:

"J. C. Johnson & M. Maxwell.    Agreement.

"Memorandum of an agreement made this 11th day of January, A. D. 1864 between John C. Johnson and Michael Maxwell both of the County of El Dorado and State of California, witnesseth that whereas said Johnson and Maxwell are owners and occupants of adjoining Farms in John Canyons in said County and said Johnson being desirous to reopen and construct his water ditch a part of the upper portion of which runs through the premises of said Maxwell, in consideration of the premises said Maxwell hereby grants to said Johnson the right of way over his said premises to reopen and construct anew and keep in repair said ditch and to assist in the construction and keeping in repair the same so far as the same shall extend on the premises of said Maxwell and said Johnson in consideration of the premises hereby agrees that within a reasonable time he will re-construct and thereafter keep in repair said ditch by the assistance of said Maxwell as to the extent as aforesaid and to allow said Maxwell to the extent of his said premises the free use of water from said Ditch for purposes of irrigation and Agriculture only and said Johnson further agrees in consideration as aforesaid that he will not sell or permit to be used any water

for Mining purposes to be used upon the land or premises
of said Maxwell.

"J. C. JOHNSON          (L. S.)

His

"MICHAEL  X  MAXWELL  (L. S.)

Mark."

"State of California,

County of El Dorado,—ss.

"On this 11th day of January, A. D. 1864, before me John
Bush, a Justice of the Peace in and for said county, per-
sonally appeared John C. Johnson and Michael Maxwell, per-
sonally known to me to be the persons described in and who
executed the foregoing instrument as parties thereto and who
each for himself acknowledged to me that he executed the
same freely and voluntarily for the uses and purposes therein
specified.   Given under my hand this 11th day of January,
1864.

"JOHN BUSH,

"Justice of the Peace."

The foregoing agreement, after being executed, was
recorded in the office of the county recorder of the county
of El Dorado, state of California, on the eleventh day of
January, 1864.

In the month of July, 1920, the defendant Cleese, by
opening the said ditch on his said lands at a point therein
above the lands of the plaintiffs, diverted the waters of said
ditch therefrom and prevented any of said waters from flow-
ing to the said lands of plaintiffs and prevented plaintiffs
from having or using any of said water on their lands, and
since said time said defendant has repeated said acts and
prevented plaintiffs from having or using any of said water
on their said lands, and in July, 1920, defendant Cleese re-
fused, and still refuses, to allow plaintiffs to take or to have
or use on their lands any of the waters diverted by means
of and flowing in said ditch and denies plaintiffs' right to
take or have or use any of said waters.

Defendant Cleese intends to, and unless restrained will,
continue to use all the water of said canyon and will prevent
any portion of said water from flowing through said ditch
to plaintiffs' land and will prevent plaintiffs from taking
or having or using any of said water on their said land.

Prior to the said month of July, 1920, there was no dispute between the defendant Cleese or his predecessors in interest and the plaintiffs or their predecessors in interest concerning the ownership or right to the use of any of said water, nor, prior to said last-named time, did the defendant Cleese or his predecessors in interest prevent, interfere with, or obstruct the taking or use of any of said water by the plaintiffs and their predecessors in interest or dispute their right to take or use said water.

The acts of the defendant Cleese, in refusing to allow plaintiffs the use of said water, if continued, will cause great and irreparable injury to the plaintiffs.

For more than five years before the commencement of this action, the said water flowing in said ditch had not been conveyed to plaintiffs' said land through the said ditch, but at a point on the lands of defendant Cleese near the boundary between his lands and the said lands of plaintiffs, the portion of said water used by plaintiffs and their predecessors was diverted from said ditch and was thereafter by them conveyed on to the lands of plaintiffs down, along, and through a natural depression in the land, and thence by means thereof on to the lands of plaintiffs where the same was used for irrigation purposes by the plaintiffs and their predecessors in interest.

Prior to the month of July, 1920, no objection was ever made by defendant Cleese or his predecessors in interest to the aforesaid change in the manner of conveying said water to the lands of plaintiffs nor to the taking and conveying of said water from said ditch in the manner above described.

The trial court further found that the defendant Cleese was not, and has not been, for more than five years prior to the commencement of this action, or at all, and is not now, the owner in possession and entitled to the possession, enjoyment, or use of all of the waters of said stream known as Johnson's North Canyon, and that said defendant Cleese has not, during all or any of said time, or at all, continuously, uninterruptedly, peaceably, openly, notoriously under a claim of right, adversely to said plaintiffs and to all the world, taken and diverted all of the waters of the said canyon through the ditch described in the complaint and carried the same to his land, where the same was used by

him for irrigating his said lands and for other useful and beneficial purposes. And said Cleese is not now the owner of the right to take, divert, appropriate, and use all of the water of said stream.

The stream or watercourse known as Johnson's North Canyon has, for time immemorial, existed and flowed by, through, over, and upon a portion of the land of defendant Cleese, and said land has at all times been and is now riparian to said stream. Said Johnson ditch was constructed by the said J. C. Johnson, plaintiffs' predecessor in interest, as the waters of said canyon to the extent of more than one hundred inches, measured under a four-inch pressure, were actually appropriated by the said Johnson by means of said ditch prior to the year 1864, and at the time of said appropriation the land now owned by defendant Cleese was public land of the United States and unpatented. Ever since the eleventh day of January, 1864, and until the month of July, 1920, the defendant Cleese and his predecessors in interest have recognized and acquiesced in the said appropriation of said water of said canyon by means of said ditch, and the right of the plaintiffs and their predecessors in interest to take and use the said water.

The plaintiffs and their predecessors in interest did not at any time abandon the said Johnson ditch or their right to the water of said Johnson's North Canyon, nor did they, until prevented from using water by the defendant Cleese in July, 1920, cease or discontinue the diversion of said water by means of said ditch or the use of said water for beneficial purposes on the lands of plaintiffs.

The capacity of said ditch as constructed by the said Johnson was in excess of one hundred inches of water measured under a four-inch pressure. The capacity of said ditch at the present time is sixty-three inches of water measured as aforesaid.

The trial court further found that the plaintiffs and the defendant Cleese own and are entitled to divert and use sixty-three inches, measured under a four-inch pressure, of the water in said Johnson's North Canyon, flowing therein at the head or intake of said Johnson ditch, the plaintiffs owning and being entitled to one-half of said water, and the defendant Cleese owning and being entitled to the other one-

half thereof, and they, the said plaintiffs and said defendant Cleese, are entitled to use said Johnson ditch for the purpose of diverting and conveying the said water for use by them on their said lands.

The defendants Gasparini are, and they and their predecessors in interest for more than five years last past before the commencement of this action, and during all the times mentioned in the complaint, have been, continuously, adversely, openly, and notoriously the owners of and entitled to three miner's inches continuous flow of the waters flowing in said Johnson's North Canyon at the head or intake of their said ditch, and said defendants have for many years, and for more than five years last past, diverted said water through said private ditch and put said water to beneficial use on their said land for mining and for irrigating gardens and other crops thereon. That the amount of water required and used for irrigation by said defendants Gasparini was and is three inches.

The facts herein stated, as found by the court, leave no doubt as to the propriety of the judgment rendered. The trial court recognized the difficulty of determining the exact amount of water to be allowed to defendants Gasparini—a difficulty that arises in most cases of this character—but the court decided the question upon the testimony of two witnesses to the effect that the ditch carried from three to five inches of water to the premises of Gasparini.

[1] As pointed out by the trial court, the ditch which carries the water from the canyon had become known by Johnson's name, and the canyon itself had taken this designation through his work in it constructing the original ditch. Later, when the ditch required considerable repairs and when the predecessors of defendant Cleese had acquired the land from the government, Johnson entered into the agreement set out herein. It is inartificially drawn, which gives appellant some ground for argument as to its meaning, but the ditch is referred to as "Johnson's ditch" and as "his" (Johnson's) ditch, and it seems entirely clear from the whole instrument that at that time the right of Johnson as an appropriator of the water was recognized and acquiesced in by the predecessors in interest of Cleese. The circumstances surrounding the making of the agreement in

question, and the needs and uses to which the water was being applied at that time, make it apparent that Johnson did not intend to contract to repair the ditch and then deprive himself of the use of the water upon his land.

[2] Appellant contends that the record shows that Johnson abandoned the water which he had acquired by appropriation. While there is testimony upon which to base this contention, there is also evidence in the record which supports the findings of the court to the effect that plaintiffs and their predecessors in interest did not at any time abandon their right to the water of said Johnson's North Canyon, nor did they, until prevented from using the water by the defendant Cleese in July, 1920, cease or discontinue the use of said water for beneficial purposes on the lands of plaintiffs. The court also found, as hereinbefore set out, that for more than five years before the commencement of this action, the water had not been diverted to plaintiffs' land by means of the Johnson ditch, but had been carried to said lands over a natural depression. [3] Plaintiffs had the right to change this means of diversion of the waters to which they were entitled, since said change injured no one. [4] These findings regarding the continued beneficial use of plaintiffs, make it unnecessary to pass upon the position taken by the trial court that the parties were tenants in common of the ditch and water by virtue of the agreement hereinbefore set forth. Such a relationship would not be essential to plaintiffs' recovery herein unless it were also true that they had abandoned the water, in which case the possession and use of one tenant in common would be the possession and use of the other (*Unger* v. *Mooney,* 63 Cal. 583 [49 Am. Rep. 100]), unless the tenant out of possession was informed that his cotenant was holding adversely.

[5] The uncertainty of the agreement between the parties presented difficulties to the trial court in the division of the water, and these difficulties were recognized by the court. While the agreement granted to Maxwell "the free use of water from said ditch for the purposes of irrigation and agriculture only," it is perfectly clear from the terms of the agreement and from the surrounding facts and circumstances that Johnson intended to retain the use of a considerable por-

tion of the water for himself for mining and domestic purposes, and he had the right to fully protect himself in these matters, for he had appropriated all the water. The trial court, considering all these facts and circumstances, concluded that the intention was to divide the water equally. This seems a fair construction of the instrument—in fact, a liberal one in favor of appellant—and in the absence of exact information on the question the court could do no better than to follow the maxim that equality is equity.

[6] It is also contended by appellant that since by the agreement set forth herein the parties were to share the expense of repairing and renewing the ditch from time to time, the plaintiffs have lost their rights to the water by their failure to perform their obligation in this respect. Upon this question we are in accord with the trial court that such failure to repair would merely give rise to a suit to recover one-half of the amount expended by defendants in repairs. Equity abhors a forfeiture and, in the absence of a positive rule of law attaching such a penalty in a case like the present, the courts will not enforce so drastic a remedy. In the case of *Smith* v. *Stearns Ranchos Co.*, 132 Cal. 178 [64 Pac. 261, 716], the court refused to forfeit the right of a water user because he failed to pay the expense of maintaining and repairing the canal through which the water was to be conveyed and compelled the company to sue for the amount due for repairs, etc.

[7] One more point is made by appellant, predicated upon the failure of the plaintiffs to prepare findings after the court had decided this case on December 15, 1923. On September 6, 1924, defendant Cleese moved to dismiss the action for want of prosecution. The court did not hear this motion and appellant contends this was an abuse of discretion. It appears that the court continued the motion until October 16th, unless findings were submitted in the meantime, and they were submitted and signed before that date. It appeared, therefore, that at the time to which the motion was continued, the findings had been signed and filed, and no reason for the granting of the motion existed. No prejudice resulted to defendant, therefore, by the failure to hear and pass upon such motion.

We find no error in the record.   On the contrary, the find-
ings follow closely the evidence in the case and it would seem
that the judgment clearly follows the findings made.

The judgment is affirmed.

Preston, J., Shenk, J., Richards, J., Seawell, J., and
Waste, C. J., concurred.

Rehearing denied.