[No. 6466.]

A. E. FRASER ET AL. *v.* T. W. FREELON, JUDGE OF THE MUNICIPAL COURT OF APPEALS OF THE CITY AND COUNTY OF SAN FRANCISCO.

CERTIORARI—PRACTICE.—The writ should be directed to the Court whose proceedings are to be reviewed, and not to the Judge of the Court.—[REPORTER.]

SAME. — The return should be made by the Clerk of the Court, and not by the Judge.—[REPORTER.]

SAME— WHAT CONSTITUTES THE RETURN. — A transcript of the record and proceedings in an action constitute the return to the writ of review, issued for the purpose of determining whether the Court in which the action was determined exceeded its jurisdiction, and no other document will be examined in passing upon that question.

EXCESS OF JURISDICTION.—If the Court failed to acquire jurisdiction, either of the cause of action or of the parties to the action, the Court exceeded its jurisdiction in rendering judgment.

THE PEOPLE A NECESSARY PARTY.—The question whether the act establishing the Court is constitutional and valid cannot be litigated in an action of this character brought by a private person, for the reason that the People are interested, and are entitled to be heard in the matter.

APPEAL from the District Court of the Nineteenth Judicial District, San Francisco.

CERTIORARI to review the proceedings of the Municipal Court of Appeals of San Francisco in trying and deciding the case of *Garland* v. *Fraser et al.*, which had been appealed from the Justice's Court to the County Court, and transferred to the Municipal Court of Appeals. The writ was not directed to the Court, but " to Thomas W. Freelon, Judge of the Municipal Court of Appeals," etc., and the return was signed by said Freelon as Judge of the Court, and was not signed by the Clerk of the Court. Upon hearing the cause, the District Court affirmed the judgment of the Municipal Court of Appeals. The petitioner appealed.

*Wm. Leviston*, for Appellants.

*H. E. Highton*, for Respondent.

By the COURT:

The writ of review in this case was issued by the District Court to the Judge of the Municipal Court of Appeals of San

Francisco, to bring up for review the record and proceedings in an action which was heard and determined by that Court, on appeal from the judgment of a Justice of the Peace. The record before us presents some irregularities in respect to the direction of the writ to the Judge instead of the Court, and in respect also to the return which is made by the Judge instead of the Clerk; but these irregularities may be deemed to have been waived.

The transcript which is required to be certified to the Court for review, is a transcript of the record and proceedings in the action—if it be an action—in which it is alleged that the Court has exceeded its jurisdiction, and a transcript of such record and proceedings constitute the return, and the only return that can be considered under the writ. The only record returned to the District Court consists of a copy of the judgment rendered in the action, and a copy of an entry in the register of actions. There is appended thereto certain clerical entries in the minutes of the proceedings of the Court, consisting of the commission of the Judge and his oath of office, the opening of the Court, and the order of the County Court transferring all civil appeal cases therein pending to the Municipal Court of Appeals. But these clerical entries do not appear to be portions of the record or proceedings in the action, nor do they bear any relation thereto, unless it be the order of transfer. But it does not appear that the cause was transferred from the County Court. Those entries, therefore, cannot be considered in determining the question whether the Court exceeded its jurisdiction.

The question for determination is: Does the transcript of the record and proceedings in that action show that the Court exceeded its jurisdiction? If the Court failed to acquire jurisdiction of the cause of action, or of the parties, it exceeded its jurisdiction in hearing and determining the action.

The only power conferred upon the Court by the Act of April 1st, 1878, establishing the Court, is prescribed by the tenth and twelfth sections. Sec. 10 provides that the Court " shall have the same power and jurisdiction in civil appeal cases as is possessed by the said County Court "; and sec. 12 provides that the Court may hear and determine civil appeal

cases which are directed to be transferred to it from the County Court. It does not appear from the transcript returned with the writ that the action in controversy was either transferred to it from the County Court, or brought up on appeal to that Court. It, therefore, does not appear that the Court acquired jurisdiction of the cause of action.

The transcript fails to show that the defendants in that action either were served with process, or appeared in the action, or that a notice of appeal was served by or upon them; and, therefore, the transcript does not show that the Court acquired jurisdiction of the defendants.

The question to which counsel have mainly directed their arguments is, whether that Court has any legal existence—or, to state the question in the form suggested by counsel, whether the Legislature has power to transfer to the Municipal Court of Appeals a portion of the jurisdiction conferred by the Constitution upon the County Court—that is to say, jurisdiction to hear and determine the civil appeal cases mentioned in the Act of April 1st, 1878. But as that Court has, by that act, only the judicial power to hear and determine such cases, the legal existence of the Court is involved, whichever be the form of the question.

We have examined many cases of *certiorari* both at common law and as regulated by the statutes of the several States, and we have looked into the text-books and works upon practice, but we have failed to find even an intimation that the question above stated can be considered in an action of that character. This consideration is not conclusive, but it is very persuasive. The writ is applied for by the petitioner for the purpose of having the judgment or other judicial determination annulled, and the parties to such judgment or determination are the only persons interested in the question of its validity; and accordingly it was held in *Pollock* v. *Cummings*, 38 Cal. 685, that the petitioner ought to give the opposite party notice of the proceedings. It is very clear that the People are not interested in the determination of that question—the question, so far as it relates to a cause of action, being, Does the cause of action come within the jurisdiction conferred by law upon the Court? It

was held in *People* v. *County Judge*, 40 Cal. 479, that the People were not interested in the action, and were improperly made parties thereto.   But when the question is whether the grant of jurisdiction is valid—whether the statute prescribing the jurisdiction of the Court is constitutional—the People are interested, and it ought not to be determined without giving them their day in Court.

When the complaint is that a person usurps an office, the action must be brought in the name of the People, in *quo warranto*, or some appropriate form of action, to determine the right to the office.   That matter cannot be litigated indirectly in an action between private persons.   It is manifest that the question whether the office itself, which was attempted to be created by statute, has a legal existence, is of vastly more importance and of greater interest to the public than the question of the right of the incumbent.

The petition for the writ of *certiorari* to be directed to the Court, commanding it to certify and return the record and proceedings in an action which has therein been determined, affirms by necessary implication the existence of the Court as a judicial tribunal; and in fact the writ will not issue unless it be shown that the proceedings which are sought to be reviewed were had before a "tribunal, board, or officer *exercising judicial functions*."

Judgment reversed and cause remanded.