[In Bank. —June 27, 1883.]

## ERWIN DAVIS, PETITIONER, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

CONSTITUTIONAL LAW — STATUTE — MANDAMUS. — On the authority of *Fraser* v. *Freelon*, 53 Cal. 644, *held*, that the constitutionality of the act creating the municipal court of appeals in San Francisco cannot be determined in a proceeding by *mandamus*, the present Supreme Court being governed, in regard to the construction and effect of the former Constitution, and the mode in which such questions may be presented, by the decisions of the Supreme Court created and existing under that instrument.

MUNICIPAL COURT OF APPEALS — TRANSFER OF CAUSES FROM COUNTY COURT — JURISDICTION. — The municipal court of appeals acquired jurisdiction of causes, pending in the county court, by operation of the statute creating the municipal court of appeals. An order transferring them was unnecessary.

APPLICATION for writ of mandate to compel the Superior Court to try an action, wherein the petitioner was a party, notwithstanding the same had been tried by the municipal court of appeals prior to the adoption of the present Constitution. The remaining facts are stated in the opinion of the court.

*J Howard Smith,* for Petitioner.

The validity of a statute may be tested in an action between private parties. (*Sill* v. *Village of Corning,* 15 N. Y. 297; *Rabe* v. *Fyler,* 10 Smedes & M. 440; *Houston* v. *Royston,* 7 How. (Miss.) 543; *Mulligan* v. *Smith,* 59 Cal. 206; *Dawson* v. *Horan,* 51 Barb. 459; *Klokke* v. *Dodge,* 103 Ill. 125.)

*Lloyd Baldwin,* for Respondent.

PER CURIAM.—1. It is urged that the Act of April 1, 1878, creating the municipal court of appeals in San Francisco, was violative of the former Constitution. (Stats. 1877–78, p. 947.) Since the organization of the present Supreme Court it has been repeatedly held that we would follow, as authoritative, the construction placed upon any provision of the Constitution of 1849, by the highest judicial tribunal created by and under that Constitution. By parity of reasoning we are bound by the views of the former Supreme Court, with reference to the mode in which the invalidity of a legislative act, or its repugnancy to a clause of the then existing Constitution could be presented or insisted upon.

In *Fraser* v. *Freelon,* 53 Cal. 644, it was held that the invalidity of the statute in question could not be determined upon the return to a writ of *certiorari.* It was there said the "people" were interested in the question whether the statute prescribing the jurisdiction of the court was constitutional; that the question could only be decided in an appropriate form of action brought in the name of the people, or to which the people were made a party. It is manifest that every consideration which induced the former Supreme Court to refuse to inquire into the question of the constitutionality of the statute in a proceeding by writ of review, applies with redoubled force to the present, which is a proceeding by *mandamus,* by one of the parties to an action originally brought before the justices' court, to compel the Superior Court—as successor of the county court—to try the action, notwithstanding the same was transferred to the municipal court of appeals, and tried *de novo* in that court prior to the adoption of the present Constitution.

2. It is urged that the municipal court never acquired juris-

diction of the action transferred to it, because, although that action was pending in the county court before the creation of the municipal court, no special order was made by the former court transferring it to the latter. We find nothing in the act creating the municipal court (Stats. 1877–78, p. 947), which requires any such order, general or special. The twelfth section of that act provides: "Immediately after the organization of said court the clerk of the county court shall transmit to said municipal court of appeals all papers in civil cases of appeal then pending and undetermined," etc. The direction of the statute is to the county clerk, who is clerk of both courts.

*Fraser* v. *Freelon,* above referred to, has sometimes been supposed to hold that the order of the county court transmitting a cause pending when the municipal court was created was necessary to give the latter court jurisdiction. But such supposition is based upon an erroneous interpretation of the language of the opinion in *Fraser* v. *Freelon.* It is there said: "Section 12" (of the act to create the municipal court) "provides that the court may hear and determine civil appeal cases which are directed to be transferred to it from the county court. It does not appear from the transcript returned with the writ that the action in controversy was either transferred to it from the county court, or brought up on appeal *to that court. . . . . .* The transcript fails to show that the defendants in that action either *were served with process,* or that a *notice of appeal* was served by or upon them; and, therefore, the transcript does not show that the court acquired jurisdiction of the *defendants.*"

The plain meaning of the language employed in *Fraser* v. *Freelon* is that by section twelve of the act referred to, the municipal court acquired jurisdiction of the causes directed, not by any order of the county court, but by the twelfth section of the statute, to be transferred to the municipal court. The transfer by the common clerk from one department of his office to another is not indicated by any record which would constitute a portion of the return to *certiorari.* Nevertheless, as the municipal court was an inferior court, the record required to be returned should show it had jurisdiction. Whether an appeal was taken first to the county court, and the case was thence transferred to the municipal court, or the appeal was taken

direct from the justices' court to the municipal court, the record, returned with the writ of review issued to the municipal court, should show service of the notice of appeal or waiver of such service by an appearance to the merits.

There is no pretense here that the action of which it is claimed the municipal court never acquired jurisdiction was not regularly appealed from the justices' court to the county court. The county court had jurisdiction, and the papers were before the municipal court when the case was there tried, as appears from the transcript.

Writ denied and proceedings dismissed.

McKee, J., and Thornton, J., dissented.

Petition for a rehearing denied.