THOMAS H. DEAN v. B. W. DIMMICK ET AL.

Opinion filed October 27, 1908.

Rehearing June 29, .1909.

**Constitutional Law — Mandamus — Location of County Seat.**

> In a mandamus proceeding, instituted by a private party against county officers to compel them to change the location of their offices as such officers, such proceeding not being maintained in the name of the state, or on behalf of the citizens of such county, the court will not determine the constitutionality of an act of the legislature providing for a vote upon the relocation of the county seat. .

Appeal from District Court, McKenzie county; *Winchester, J.*

Application by Thomas H. Dean for writ of mandamus against B. W. Dimmick, County Auditor, and others. Judgment for defendants, and plaintiff appeals.

Affirmed.

*Engerud, Holt & Frame,* for appellant.

Omission of name of state was a formal defect only to be cured by amendment. Rev. Codes 1905, Secs. 6883, 6885; Rev. Codes 1905, Sec. 7840; Morgridge & Merrick v. Stoeffer 14 N. D. 430; Merrill on Mandamus, Sec. 264.

*T. S. Becker* and *Geo. A. Bangs,* for respondent.

A private citizen cannot apply for mandamus unless he has a special interest in the fulfillment of an official duty as does not pertain to other citizens. People v. Green, 29 Mich. 121; Smith v. Mayor, 45 N. W. 964; Thomas v. Hamilton, 59 N. W. 659; Mitchell v. Boardman, 79 Me. 469; 10 Atl. 452; Chapman v. People, 48 Pac. 153; Linden v. Board, 45 Cal. 6; Marini v. Graham, 7 Pac. 442; Colnon v. Orr, 11 Pac. 814; Ashe v. Supervisors, 16 Pac. 783; People

v. Budd 47 Pac. 594; Fritts v. Charles 78 Pac. 1057; Doolittle v. Supervisors of Broome county, 18 N. Y. 155; Ramford v. Hollinshed, 47 N. J. L. 439; Moon v. Carl, 43 Iowa, 503.

Mandamus will not issue to determine the constitutionality of a legislative act. Peo. v. Supervisors, 20 Cal. 592; Frazer v. Freelon, 53 Cal. 644; Davis v. Court, 63 Cal. 581; State v. Douglas Co., 26 N. W. 315; Co. v. Hagood, 9 S. E. 686 at 688; Wright v. Kelly, 43 Pac. 565; Smythe v. Titcomb, 31 Me. 272; Inhabitants v. Clark, 33 Me. 482; Maxwell v. Burton, 2 Utah, 595 at 599.

SPALDING, J.  This proceeding was instituted by the plaintiff, a private party, by the service upon each of the defendants of the petition and notice of application to the district court for an order directing the issuance of a peremptory writ of mandamus, commanding the defendants to forthwith remove their respective offices, namely, the offices of judge of the county court, register of deeds, and auditor of McKenzie county, from Schafer to Alexander in said county.  The petition set out the holding of an election under the provisions of chapter 77, p. 159, Laws 1905, and that at such election Schafer received a majority of the votes cast, and was duly declared to be the county seat of said county by the issuance and publication of a proclamation by the county commissioners, as required by said chapter.  It further alleges that said officers removed their said offices to Schafer, and still continue to maintain them at that place.  We are asked to decide on the constitutionality of said chapter.  The petition was demurred to by the defendants, and the district court sustained such demurrer, and it is in this court by appeal.

We are met by several claims of error.  The decision of one of such claims will dispose of the appeal.  The proceeding is not instituted by or on behalf of the state, either on the relation of the Attorney General, or of any citizen of McKenzie county, and it is not alleged that any application was made to the Attorney General for leave to proceed in the name of the state.  It is contended that the proceeding cannot be maintained by a private individual, and that the constitutionality of a law will not be determined upon an application for a writ of mandamus made by, and in the name of, a private party, when the subject-matter is one of a public nature.  On the other hand, it is maintained that such doctrine applies only to the writ when issued, and that, preliminary to the issuance of a

writ, it is unnecessary to entitle the proceedings, and that the constitutionality of a law can be questioned in any proceeding. We have given the question involved very careful consideration, and while its proper solution is not without doubt, have arrived at the conclusion that the plaintiff has not placed himself in a position to demand this writ. The question is one of public concern, in which all the citizens of McKenzie county are interested. The plaintiff shows no interest further or other than that possessed by all citizens of the county. While the mere entitling of a proceeding may be a matter of slight importance, and in some cases a formality, yet in this proceeding the title is used to indicate who the moving party is, and, having been used, it shows that the move is not being made by the public, and the petitioner does not even allege that it is made on behalf of other citizens similarly situated.

In State ex rel Dakota Hail Ass'n v. Carey, 2 N. D. 36, 49 N. W. 164, it is said that the required affidavit may be properly made by any citizen of the locality affected, where the controversy does not concern the state as such, but does concern a large class of citizens in common. This statement, however, refers only to the competency of a private individual to make the affidavit, and does not determine who may institute the proceeding, or in whose name it may be brought. It is said in the same case "that the name of the state should be inserted in the writ, in connection with the name of the relator, in all cases, whether the matter is one in which the state as such is strictly a party in interest or not, or whether the question is one of public concern or purely private dispute." But in this proceeding it is not attempted to show that the right which the petitioner seeks to secure is one which affects him in any way peculiar to himself and from the nature of the controversy we must assume that it only affects him in the some manner as it affects all other taxpayers and citizens of the county, all of whom are interested in the location of the county seat. In such a case we think the matter should not be litigated in this manner. The public has a right to be heard; and, if we were to determine the constitutionality of the statute in question, and on which the result may depend, we should have to pass upon the rights of the public at the instigation of a private citizen, in his personal capacity as a private suitor. In the meantime other proceedings, by other private individuals, might be instituted, the rights of none of whom would be settled by the decision in this case. Each citizen of the county

might see some additional reason why the law should be held constitutional or unconstitutional, and desire to present it to the court. Several authorities are cited on this and analogous questions, which we consider as not being in point.

It is contended that mandamus proceedings cannot be maintained in any case to determine the constitutionality of a law. This does not follow from our holding in this case, and there are few, if any, of the authorities cited which on close analysis sustain this principle. Most of them are to the effect, when closely scrutinized, that courts will not entertain an application for a writ of mandamus for the purpose of testing the constitutionality of a statute when not presented to the court long enough before action is necessary to give it an opportunity to thoroughly consider the question involved. This we think is a very sound rule, but it is not applicable to the proceeding at bar.

In addition to the authority from our own court which we have cited, we call attention to Fraser et al. v. Freelon, Judge, 53 Cal. 644, and Davis v. Superior Court, 63 Cal. 581.

The appellant asked leave, on hearing in the district court, to amend forthwith by substituting the state as plaintiff. Permission to do so was denied for the time being, but in the order sustaining the demurrer permission was granted to amend on payment of costs. Appellant declined to comply with the terms imposed, which, in our judgment, were reasonable under the circumstances.

By reason of the foregoing conclusion, it would be improper to pass upon the question raised by the respondent as to the effect of delay in commencing the proceeding.

The order of the district court is affirmed.

Morgan, C. J., concurs.

Fisk, J. (concurring specially). I concur in the conclusion arrived at in the majority opinion that the order appealed from should be affirmed, but I desire to place my decision upon the ground that the demurrer was properly sustained for the reason that relator fails to show a clear legal right to the writ. His right depends on a holding that chapter 77, p. 159, Laws 1905, is unconstitutional. Under the provisions of said statute the electors of McKenzie county, assuming the validity of such law, held an election for the purpose of permanently locating the county seat, which election resulted in favor of the village of Schafer. A proclamation was issued

and published by the commissioners pursuant thereto, declaring Schafer to be the county seat. Respondents, who are mere ministerial officers, acted in accordance with such proclamation by removing their offices to Schafer. Therefore, in maintaining their offices at the latter place, they acted under color of legal authority conferred and duly imposed by a statute presumed to be valid. Schafer has been recognized by the people of that county as the county seat, and, under the foregoing facts, it is, and has been since such proclamation was issued and published, at least the de facto county seat of the county, and in my opinion a writ of mandamus ought not to issue on the application of a private relator to compel them to remove their offices to another place claimed by the relator to be the de jure county seat, when the correctness of such contention depends wholly upon the question whether a certain act of the Legislature is or is not constitutional. In support of my views see 19 Am. & Eng. Enc. of Law, 763, 26 Cyc. 156, and cases cited, where the rule is announced as follows: "It is rarely, if ever, proper to award mandamus in a case in which it can be done only by declaring an act of the Legislature unconstitutional."

## ON REHEARING.

SPALDING, J. A reargument was granted in this case. We have carefully considered the argument so made, and find few, if any, of the authorities cited in point. The appellant strenuously insists that a decision ought to be had on the merits to end litigation. There would be more force in this suggestion if it were likely to do so, but, for the reasons above suggested, it cannot be assumed that a different decision would result in ending litigation over the county seat. We find no reasons for changing our decision. In this connection, for information of the bar of the state, we desire to call attention to rule 32 of this court, found in 10 N. D. lvi, 91, N. W. xii, prescribing the practice relating to applications for rehearings. In nearly every instance attorneys so applying overlook the rule, or disregard it, and submit arguments of the questions already considered and determined and new briefs. It is not intended to provide for a reargument of the whole case on a petition for rehearing, but only that counsel may show that some question decisive of the case, and duly submitted by counsel, has been overlooked by the court, or that the decision is in conflict with an express statute or controlling decision, to which the attention of the court was not

called either on the original brief of oral argument, or which has been overlooked by the court; and arguments and briefs are prohibited. Many attorneys have adopted the custom of submitting in a petition for rehearing a complete brief of all the questions originally raised. This compels the court either to ignore the petition entirely, or to re-examine the questions previously submitted and passed upon. This practice is contrary to the purpose of the rule.

All concur.

MORGAN, C. J. not participating.