[No. 1213, September 1, 1910.]

MACARIO TORRES, Appellant, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF TORRANCE, NEW MEXICO, Appellees.

SYLLABUS (BY THE COURT.)

1. An action brought by a taxpayer to restrain a board of county commissioners from contracting for or erecting a court house or jail at a certain town because said town was not the lawful county seat of that county, for the reason that the act of the legislature designating said town to be the county seat is unconstitutional and void, is a collateral attack on the validity of the location of said county seat and therefore not maintainable.

Appeal from the District Court for Torrance County before JOHN R. McFIE, Associate Justice. Affirmed.

A. B. RENEHAN for Appellant.

The functions of county government shall be exercised at the county seat. C. L. 1897, secs. 662, 749; Act of Congress, July 30, 1886, C. L. 1897, p. 45; Act of Congress, July 19, 1888, sec. 2; Laws 1903, ch. 70, sec. 3; Laws 1905, ch. 2; Territory v. Clark, 99 Pac. 698.

Injunction is the proper remedy to prevent the wrongful use or application of public funds and a taxpayer may bring the suit. Rice v. Smith, 9 Iowa 570; Marble v. McKinney, 60 Me. 333; Maloy v. Madget, 47 Ind. 241; Spencer v. School District, 15 Kans. 202; Nunda v. Crystal Lake, 79 Ill. 311; Burness v. Multnomah County, 60 Pac. 1005; Shepherd v. Easterling, 61 Neb. 882; Snyder v. Foster, 77 Iowa 638; Harney v. Railroad.Co., 32 Ind. 244; Johnston v. County of Sacramento, 137 Cal. 204; Bradford v. County of San Francisco, 112 Cal. 537; Barry v. Goad, 89 Cal. 215; Winn v. Shaw, 87 Cal. 632; New London v. Brainard, 22 Conn. 552; 2 High on Injunctions, sec. 1298, n. 2; Mayor v. Gill, 31 Md. 371; City of Chicago v. Nichols, 177 Ill. 97; Frederick v. Douglas County, 96 Wis. 411; Muller v. Eau Claire County, 108 Wis. 304; Winston v. Railroad Co., 1 Baxter 60; Rothrock v. Carr, 55 Ind. 334; Brockman v. City of Creston, 79 Iowa 587; Tifft v. City of Buffalo, 65 Barb. 460; Watson v. Sutherland, 5 Wall. 78.

This is not a proceeding to fix the status of a county seat. Rice v. Smith, 9 Iowa 570; Ford v. Farmer, 9 Hum. 152; 29 Cyc. 1393, sec. 5. Estancia is not even a de facto county seat for such office or tenure cannot exist. Norton v. Shelby County, 118 U. S. 426; 29 Cyc. 1391, note 54.

E. C. ABBOTT, F. H. AYERS, C. R. EASLEY and MANN & VENABLE for Appellee.

The location of a county seat cannot be raised in a collateral proceeding by a private individual but can only

be raised by the state in a direct proceeding for that purpose. Robinson v. Moore, 25 Ill. 118; In re Allison, 22 Pac. 820; In re Short, 27 Pac. 1005; Ashley v. Board of Supervisors, 60 Fed. 55; Presidio County v. State National Bank, 20 Texas Civ. App. 511, 44 Southwestern 1069; State v. Rich, 20 Mo. 393; Speck v. The State, 7 Baxt., Tenn., 46; State v. Judges, 43 La. An. 125; Watts v. State, 22 Texas App. 572; Territory v. Clark, 99 Pac. 697.

The question of whether or not Estancia is the county seat of Torrance County can only be raised by the Territory itself by an information in the nature of *quo warranto.* 11 Cyc. 368; 7 Am. & Eng. Enc., 2d ed., 1045; Robinson v. Moore, 25 Ill. 118; State v. Judges, 43 La. Ann. 125; Watts v. State, 22 Tex. App. 572.

The acts of the legislature of 1903 and 1905 should be construed together and, in effect, create a new county and locate the county seat thereof. Laws 1903, ch. 7; Laws 1905, ch. 2; Springer Act, 7 Fed. St. Ann. 264, and amendment 268; 1 Lewis Sutherland Stat. Con., sec. 237.

If the legislature however acts directly, in locating a county seat, no judicial question can be made as to the propriety or validity of its action, and if it acts through the medium of officers or agents, no judicial question can be made as to the propriety or validity of the acts of its officers or agents, unless the legislature makes special provisions therefor, but redress must be had through the legislature. 11 Cyc. 366; Smith v. Adams, 130 U. S. 167, 32 L. ed., 1895; Walker v. Tarrant Co., 20 Tex. 16; Henrick v. Rouse, 17 Ga. 56; McClelland v. Shelby Co., 32 Tex. 17; State v. Dorsey Co., 28 Ark. 378; Lusher v. Scites, 4 W. Va. 11.

## OPINION OF THE COURT.

ABBOTT, J.—This is an action brought by appellant, a taxpayer of Torrance County, praying an injunction to restrain the Board of County Commissioners of Torrance County from "building, contracting for or in any manner authorizing, permitting or allowing the construction of a court house or other county buildings for said County of Torrance in or at the town of Estancia," for

the reason that said town is not the lawful county seat of Torrance County. A temporary injunction was granted.

The appellee demurred for the reason, among others, that the action was a collateral attack upon the validity of the location of a county seat. The demurrer was sustained and injunction dissolved.

If this act is a collateral attack on the validity of the location of the county seat of Torrance County, then the judgment of the lower court must be affirmed. Territory v. Clark, 99 Pac. 697; 11 Cyc. 368.

That this is a collateral attack, there can be no doubt. An attack which would not be a collateral attack would be a proceeding in the nature of *quo warranto*. The objection to deciding, or attempting to decide, a question of this kind was forcibly stated by the court in Dean v. Kimmick, et al., 122 N. W. 245, in these words:

"But in this proceeding it is not attempted to show that the right which the petitioner seeks to secure is one which affects him in any way peculiar to himself, and from the nature of the controversy we must assume that it only affects him in the same manner as it affects all other taxpayers and citizens of the county, all of whom are interested in the location of the county seat. In such a case we think the matter should not be litigated in this manner. The public has a right to be heard; and, if we desire to determine the constitutionality of the statute in question, and on which the result may depend, we should have to pass upon the rights of the public at the instigation of a private citizen, in his personal capacity as a private suitor. In the meantime other proceedings by other private individuals, might be instituted, the rights of none of whom would be settled by the decision in this case. Each citizen of the county might see some additional reason why the law should be held constitutional or unconstitutional, and desire to present it to the court."

See also Ashley v. Board of County Com., 60 Fed. 55 (C. C. A.)

The case is distinguishable from Vigil v. Stroup decided at our present sitting. The term of office in question in that case had ended and it had ceased to be a question

of public interest who was entitled to hold the office at the time when the cause of action which was for the emoluments accrued. But the public affairs of Torrance County are being conducted every day at Estancia as the county seat and that has been the case for five years past. Most acts done in the conduct of those affairs pass unchallenged. Occasionally some act is called in question by a private individual for his own purposes, as in the case at bar, but the question of the validity of the statute under consideration will remain without authoritative settlement until it is determined in a direct proceeding.

Counsel for appellant cite the case of Norton v. Shelby County, 118 U. S. 426, as in point and decisive in this case, but we do not consider it in point and believe that it was successfully distinguished and shown not to be inconsistent with the holding such as we have announced in this case in the case of Ashley v. Board of County Co., *supra*.

The judgment of the lower court will be affirmed; and it is so ordered.