[File No. 6059.]

W. C. PRECKEL and E. J. Heising, Petitioners, v. ROBERT BYRNE, as Secretary of State of the State of North Dakota, Respondent.

(243 N. W. 823.)

Opinion filed July 25, 1932.

*Scott Cameron,* for petitioners.

358

*James Morris,* Attorney General, *Charles Simon,* Assistant Attorney General, *B. F. Spalding,* Special Assistant Attorney General and *A. W. Cupler,* Special Assistant Attorney General, for respondent.

BURKE, J.  This is a proceeding to review the action of the secretary of state in passing upon the sufficiency of and filing a petition for the initiation of a law under § 25 of the Constitution of the State of North Dakota, as amended by article 26 of the Amendments to the Constitution.

In the month of April, 1932, there was filed in the office of the secretary of state an initiative petition for proposed law reducing and fixing the salaries of the state officials and all appointive state officers and members of boards and bureaus provided by law, and repealing all acts or parts of acts in so far as they conflict with the purported initiated law.

The said petition was accepted and filed by the secretary of state as legal and sufficient to justify the placing of the said proposed law on the official ballot at the state-wide election in June, 1932.

It is the contention of the petitioners that the said petition fails to contain an enacting clause as provided by § 25 of article 2 of the Constitution of the State of North Dakota, as amended by article 26 of the Amendments to the Constitution which provides that:

"The enacting clause of all measures initiated by the electors, shall be: 'Be it enacted by the people of the State of North Dakota.'"

Section 25 also provides that:

"The secretary of state shall pass upon each petition, and if he finds it insufficient he shall notify the 'committee for the petitioners' and allow twenty days for correction or amendment. All decisions of the secretary of state in regard to any such petition shall be subject to review by the supreme court."

In addition to the return made by the attorney general, representing the state, special counsel, appointed by the attorney general, as assistants, moved to quash, vacate and set aside the order to show cause (1) because the court has no jurisdiction of the subject matter; (2) the proceeding is brought in the name of and by private parties and not in the name of and by the State of North Dakota; (3) the petition fails to state facts constituting a ground for the granting of the writ prayed for; (4) for the reason that the questions involved are political questions.

The questions of jurisdiction and the bringing of the action in the name of and by private parties are, of course, the same question relating to the jurisdiction of the court.

The respondent contends that this proceeding should have been brought in the name of the state on the relation of any party affected, and it is true that prior to the amendment of § 25 of the Constitution as amended by article 26 of the Amendments to the Constitution all prerogative writs were instituted in the name of the state on relation of some party affected. State ex rel. Dakota Hail Asso. v. Carey, 2 N. D. 36, 49 N. W. 164; Dean v. Dimmick, 18 N. D. 397, 122 N. W. 245; State ex rel. McCue v. Blaisdell, 18 N. D. 55, 24 L.R.A.(N.S.) 465, 138 Am. St. Rep. 741, 118 N. W. 141; State ex rel. Davis v. Willis, 19 N. D. 209, 124 N. W. 706.

It is the contention of the petitioners that § 25 of the Constitution extends and grants to this court special original jurisdiction to review the action of the secretary of state in passing upon the sufficiency of the

petition initiating legislation and that any elector and taxpayer may bring such proceeding before the supreme court for review under the provision of said Section 25 which reads as follows: "All decisions of the secretary of state in regard to any petition shall be subject to review by the supreme court." Since the Constitution was so amended all proceedings to review the actions of the secretary of state in passing upon the sufficiency of petitions have been brought in the name of the party interested and not in the name of the state on relation of such party. Dyer v. Hall, 51 N. D. 391, 199 N. W. 754; Wood v. Byrne, 60 N. D. 1, 232 N. W. 303; Schumacher v. Byrne, 61 N. D. 220, 237 N. W. 741. See also O'Brien v. Pyle, 51 S. D. 385, 214 N. W. 623. Petitioners brought this proceeding in accordance with this practice in the name of the parties interested as electors and taxpayers.

Section 25 of the Constitution expressly authorizes this court to review the action of the secretary of state without limitation or qualification, and this section is made self executing and mandatory. This proceeding is brought under this self executing special jurisdiction, which authorizes the court to act and not under § 86 and 87 of the Constitution, which defined the original jurisdiction of this court prior to the adoption of § 25 of article 2 of the Constitution as amended by article 26 of the Amendments to the Constitution. The petitioners are electors and taxpayers and as such may bring the action of the secretary in passing upon the sufficiency of the petition before this court for review.

There is no merit in respondent's contention that the questions involved are political. The question we must decide is, is the petition sufficient under the Constitution and the Constitution makes it our duty to decide it.

Respondent also contends that the petitioners have been guilty of laches in not promptly bringing their action for review after the petitions had been filed with the secretary of state. There is nothing in the Constitution or the statute providing a time limit for such review, except the provision in the Constitution, namely: "But if the sufficiency of such petition is being reviewed at the time the ballot is prepared, the secretary of state shall place the measure on the ballot and no subsequent decision shall invalidate such measure if it is at such election approved by a majority of the votes cast thereon."

The action of the secretary in·passing·upon the sufficiency of a petition may be reviewed at any time, "but if the sufficiency of such petition is being reviewed at the time the ballot is prepared, the secretary of state shall place the measure on the ballot and no subsequent decision shall invalidate such measure if it is at such election approved by a majority of the votes cast thereon." That is, no subsequent decision of the court reviewing the action of the secretary in passing upon the sufficiency of the petition shall invalidate the measure. When approved by the electors it becomes a law, subject to the same rules of construction and interpretation, as an act of the legislature and its constitutionality may be determined in the same way.

It follows that if the review of the secretary's action is before the ballot is prepared, the decision is timely. It is conceded, in this case, that the secretary can only pass on the sufficiency of the petition and it is the contention of the petitioners that the absence of the enacting clause in the petition is a defect which appears upon the face of the petition, and, therefore, the petition ·should not have been received and filed by the secretary of·state. Section 25 of the Constitution provides that "The first power reserved (to the people) is the initiative. . . . The word 'measure' as used herein shall include any law or amendment thereto, resolution, legislative proposal or enactment of any character."

In other words, any law, the amendment of any law, a resolution, a legislative proposal or an enactment of any character is, under the Constitution, a measure and the enacting clause of all measures initiated by the electors shall be:

"Be it enacted by the people of the State of North Dakota." Such section further provides "This section shall be self-executing and all of its provisions shall be treated as mandatory."

It follows that the constitutional provision requiring an enacting clause to the measure is mandatory because the Constitution says that all of the provisions of § 25 shall be treated as mandatory and the part requiring an enacting clause is in § 25. If the enacting clause is absent from the measure it is a defect which appears upon the face of the petition, which is apparent to the secretary of state when it is presented for acceptance and filing.

It is well settled that an initiative ·amendment must conform to the

Constitution to the same extent as statutes and that petitions for initiative or referendum legislation will be required to comply strictly with the mandatory constitutional provisions under which the legislation is authorized. Com. v. Higgins, 277 Mass. 191, 79 A.L.R. 1304, 178 N. E. 536. According to a late opinion of the Justices of the Massachusetts Supreme Court, 271 Mass. 582, 69 A.L.R. 388, 171 N. E. 294, it is held that a constitutional provision to the effect that a description of a proposed law, to be determined by the attorney general shall be printed on the top of initiative ballots, must be complied with and our court in the case of Dyer v. Hall, 51 N. D. 391, 69 A.L.R. 388, 199 N. W. 754, held that the provisions of § 25 of article 26 of Amendments to the Constitution requiring the full text of the measure initiated in the petition was mandatory and that the petition was insufficient without it.

The Oregon law requires the printing of the ballot title on the cover or elsewhere on the petition and in the case of McHenry v. Mack, 134 Or. 67, 292 Pac. 306, the court held that the absence of the ballot title from the petition when it was circulated was a fatal defect.

In Arkansas the law requires full and complete copies of the referendum measure to be attached to referendum petitions and in the case of Townsend v. McDonald, 184 Ark. 273, 42 S. W. (2d) 410, it was held that such provisions in the law are jurisdictional and must be strictly followed. Westbrook v. McDonald, 184 Ark. 740, 43 S. W. (2d) 356, 44 S. W. (2d) 331; Stewart v. New Smyrna Inlet Dist. 100 Fla. 1126, 130 So. 575; State ex rel. McNarry v. Olcott, 62 Or. 277, 125 Pac. 303; State v. Perrault, 34 N. M. 438, 283 Pac. 902; State ex rel. Miller v. Hinkle, 156 Wash. 289, 286 Pac. 839; Hammond Lumber Co. v. Moore, 104 Cal. App. 528, 286 Pac. 504.

The purpose of an enacting clause in legislation is to express on the face of the legislation itself the authority behind the act and identify it as an act for legislation. Astoria v. Malone, 87 Or. 88, 169 Pac. 749; 35 R. C. L. 775, § 22; 26 Am. & Enc. Law, 2d ed. 560; 36 Cyc. 967; State v. Reilly, 88 N. J. L. 104, 95 Atl. 1005.

It is true that in some states the provision requiring the enacting clause has been held to be directory, but the great weight of authority is against this contention. Note in Ann. Cas. 1916A, p. 520; Com. v. Illinois C. R. Co. 160 Ky. 745, L.R.A.1915B, 1060, 170 S. W. 171,

Ann. Cas. 1916A, page 515; Louisville Trust Co. v. Morgan, 180 Ky. 609, 203 S. W. 555, 7 A.L.R. 396, note in L.R.A.1915B, 1060; 25 R. C. L. 779, § 22; State ex rel. Chase v. Rogers, 10 Nev. 250, 21 Am. Rep. 738.

If the weight of authority was the other way, that is, if it held that the provisions requiring an enacting clause was directory, we could not follow it. The Constitution expressly makes every part of § 25 as amended by article 26 of the Amendments to the Constitution mandatory. We have no more right to say that this provision in the section is any more directory than any other provision in the section, which says specifically that all provisions in this section shall be treated as mandatory. It is our duty to treat it as mandatory. It will not do to say that the enacting clause is obsolete, or that it is useless or unnecessary. When the Constitution says specifically what the enacting clause shall be, we have no choice except to follow the plain mandate of the Constitution to treat this section as mandatory. No measure for initiation is complete for circulation without it and its absence therefrom is fatal. The writ will issue.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE and BURR, JJ., concur.