[File No. 6108.]

W. C. PRECKEL and R. Van Neste, Petitioners, v. ROBERT BYRNE as Secretary of State of the State of North Dakota, Respondent.

(244 N. W. 781.)

Opinion filed October 19, 1932.

*Scott Cameron,* for petitioners.

*James Morris,* Attorney General, *Charles Simon,* Assistant Attorney General, and *B. F. Spalding* and *A. W. Cupler,* Special Assistant Attorneys General, for respondent.

BURR, J.   In August, 1932, there was filed with the respondent, an initiative petition proposing a measure to be submitted to the electors at the coming election, fixing the salaries of certain state officers and employees.   The secretary of state decided such petition was sufficient and entitled to a place on the ballot.

The petitioners ask a review of this decision and allege they "are residents, electors and taxpayers of the state of North Dakota; that petitioner Preckel is one of the commissioners of the workmen's compensation bureau and his salary is fixed by law;" and petitioner Van Neste is an employee in the highway department of this State "whose salary and compensation is not fixed by law."

They state further that the secretary of state, unless prohibited by this court, will submit this proposal to the voters of this State for their decision.   Hence they ask the said officer be prohibited from placing the same upon the ballot.

The title of the proposed measure reads as follows:

"An act reducing and fixing the salaries or compensation of the Governor, Lieutenant-Governor, Secretary of State, State Auditor, State Treasurer, Attorney-General, Superintendent of Public Instruc-

tion, Commissioner of Insurance, Commissioner of Agriculture and Labor, and each Commissioner of Railroads, to be elected at the general election to be held November 8, 1932, and all subsequent elections, and reducing and fixing the salaries or compensation of all appointive state officials and members of all appointive state boards, bureaus, and commissions provided for by law and reducing and fixing the salaries or compensation of all deputies, assistants, secretaries, clerks and employees of all state officials, state boards, bureaus and commissions, defining the persons and classes of persons whose salaries are reduced or fixed, specifying the time when this act shall take effect, and repealing all acts or parts of acts insofar as they conflict herewith," and contains seven sections.

Section 1 specifically names certain state officers and sets forth the annual salary to be paid each. No special attack is made upon the initiative petition so far as the provisions of this section are concerned.

Section 2. of the measure is as follows:

"The salaries or compensation of all appointive state officials, including members of all appointive state boards, bureaus, and commissions, now provided for by law, and the salaries or compensation of all deputies, assistants, secretaries, clerks and employees of all state officials, state boards, bureaus, and commissions are hereby reduced and fixed as follows: The salaries or compensation of all persons mentioned in this section, which are now fixed by law, are hereby reduced and fixed at an amount equaling eighty per cent of the amount at which the salaries of such persons were paid or fixed as of the month of January, 1932, whether such salaries or compensation are fixed or computed on an annual, monthly, or per diem basis; the salaries or compensation of all persons mentioned in this section which are not fixed by law shall in no event hereafter exceed an amount equaling eighty per cent of the amount at which such salaries not fixed by law were paid or computed as of the month of January, 1932, whether such salaries or compensation are fixed or computed on an annual, monthly, or per diem basis, and until otherwise changed by the proper authority such salaries are hereby fixed at eighty per cent of the amount computed or paid as of the month of January, 1932; provided, that the salary or compensation of no deputy, assistant, secretary, clerk, or employee shall exceed the salary or compensation of the state officer

or member of the state board, bureau, or commission by or under whom such deputy, assistant, secretary, clerk, or employee is employed or acts; and provided further that nothing in this Act contained shall be construed as prohibiting, or preventing the legislature from abolishing or consolidating any or all Offices, Bureaus, Boards of Commissions now provided for by law or from eliminating the provision of any law fixing the amount of salary or compensation of any official, member of any Board, Bureau or Commission, or any deputy, assistant, secretary, clerk or employee, or from reducing below the amounts provided by this Act the salary or compensation of any person or persons."

Section 3 of the proposed measure is as follows:

"The terms elected and elective state officials shall include all state officials specified in Section 1 hereof. The terms appointed or appointive state officials and members of appointive state boards, bureaus, and commissions, and the terms deputies, assistants, secretaries, clerks and employees shall include all such persons whose office or employment is held by virtue of any appointment or employment however made, other than an election by the voters of the state, whether or not such office or employment is created by an act of the Legislature."

The petitioners allege that such "initiative petition" is void and insufficient in the following particulars, and for the following reasons:

"1st. That the said petition does not contain the full text of the measure proposed, as required by Article 26 of the Amendments to the Constitution, in that it attempts to amend the laws of this State fixing the salaries of appointive state officers and members of state boards and commissions without setting out either the law to be amended for (or) the law as it would read when amended; and wholly fails to designate what laws or sections of laws are referred to, and is an attempt to amend the same by indirect reference.

"2nd. That said petition is insufficient and improper in form in that it wholly fails to comply with Section 64 of Article 2 of the Constitution of the State of North Dakota in that said proposed initiative law, being in fact an amendment, for the reason that said act is not complete in itself, fails to set out, re-enact, and publish at length the laws that are being amended thereby. It fails to amend by any appropriate language, and that the method of amending by providing a per centum change in the numbers and amounts used in the laws

indicating the salaries of officers and state employees is in direct violation of said § 64 of the Constitution.

"3rd. That said petition is insufficient in form in that it fails to comply with § 61 of the Constitution, in that said petition and the proposed initiated measure disclosed on its face that it embraces more than one subject, in that it purports to reduce and fix salaries of state officers whose salary is fixed by statute and attempts to fix the compensation of the employees of the state whose compensation is not fixed by law, and it attempts to fix the salaries of employees in the various state institutions, which said employees are not classified or designated by any title, rank, or other designation.

"4th. That said petition is insufficient and defective in form in that it discloses on its face that if the said measure became a law it would be in direct violation of § 11 of Article 1 of the Constitution, in that the same refers to persons and attempts to fix the salary and compensation only of persons who are state employees in the month of January, 1932.

"5th. The said petition is insufficient in form for the reason that the same fails to comply with § 1104a1 of the 1925 supplement, being chapter 135 of Laws of North Dakota for 1925, in that said petition did not contain a proper and sufficient affidavit, in that a large number of the copies of the petition filed the affidavit provided by law had not been completely executed, and that after deducting those copies and the names thereon contained, where the same were not properly verified, there remained insufficient names to authorize and empower the Secretary of state to file the said petitions."

The charge that the initiative petition is insufficient because it "did not contain a proper and sufficient affidavit" being charge number 5, has been abandoned.

The defendant appeared and made a motion to quash the petition "on the grounds and for the reason that said petition fails to state any facts constituting any ground or grounds for the relief demanded by the plaintiffs and petitioners; and second, for the reason that said petition does not show that either of the petitioners therein named is qualified either as a taxpayer, as an office holder, or as an employee of the State of North Dakota to institute and maintain the above entitled proceeding."

Also, the defendant made a return in which he showed he examined the petition, passed upon the form and sufficiency, and in his judgment "the proposed initiated measure is valid and sufficient."

The provisions of the constitution said to be involved are § 11, which provides that: "All laws of a general nature shall have a uniform operation;" section 25 which contains this provision: "Every such petition shall contain the full text of the measure;" section 61 which says: "No bill shall embrace more than one subject, which shall be expressed in its title, but a bill which violates this provision shall be invalidated thereby only as to so much thereof as shall not be so expressed," and section 64 which says: "No bill shall be revised or amended, nor the provisions thereof extended or incorporated in any other bill by reference to its title only, but so much thereof as is revised, amended or extended or so incorporated shall be re-enacted and published at length."

The broad question here involves the constitutional provisions regarding the extent of the duty, powers and discretion of the secretary of state in matters involved in initiative petitions submitting proposed legislation to the people for adoption or rejection, and the scope of the review power of this court.

Section 25 of the constitution requires the secretary of state to "pass upon each petition" filed with him. In Schumacher v. Byrne, 61 N. D. 220, 232, 237 N. W. 741, we held that this constitutional requirement places upon the secretary of state "the duty of determining, in the first place, whether the petition conforms to whatever is required by the constitution and the laws of the State."

The constitutional provision says, further, that if the secretary of state finds the petition "insufficient" he must notify the committee for the petitioners and allow time for correction or amendments.

Section 25 of the constitution provides that all decisions of the secretary of state regarding an initiative provision, when the same is presented to him, "shall be subject to review by the supreme court." In Preckel v. Byrne, ante, 356, 243 N. W. 823, reference is made to this provision and that there is no "time limit for such review." The constitution does not define the extent of review; but it must be clear that the scope of review is as broad as the power and duty of the secretary himself.

It has been the uniform holding of this court, in interpreting § 25 of the constitution and the rights and powers of the secretary of state, that the power lodged in him to accept or reject a petition is based solely upon his duty to say whether it is in accordance with the form required by the constitutional provision, not to determine the substance of the proposed measure.

An initiative petition must "have printed thereon a ballot title which shall fairly represent the subject matter of the measure;" it must also contain the required enacting clause; it must be signed by at least ten thousand electors at large; the statute enacted by the Legislature to facilitate the operation of this constitutional provision—Chapter 135 of the Session Laws of 1925—must be followed: (Wood v. Byrne, 60 N. D. 1, 232 N. W. 303; Schumacher v. Byrne, supra); the petition "shall contain the full text of the measure and shall be filed with the secretary of state not less than ninety days before the election at which it is to be voted upon."

It is the duty of the secretary of state to see that these requirements are followed. These are the essential matters of form prescribed by the constitution. With the wisdom of these provisions, their usefulness or necessity or otherwise, we are not concerned. The constitution says that these provisions "shall be treated as mandatory."

Petitioners say that the proposed initiative provision does not contain the full text of the measure to be submitted to the people in this, that the proposed measure cannot be understood, nor can the salaries and compensations provided therein, be computed without reference to existing laws and to regulations of commissions and bureaus, and therefore such laws affected should have been incorporated in the proposed measure and the regulations of bureaus and commissions involved should have been set forth. Apparently all other requirements are conceded to have been met.

In support of their contention petitioners cite the case of Dyer v. Hall, 51 N. D. 391, 199 N. W. 754. In this case cited the secretary had refused to file a petition initiating a constitutional amendment. The proposal attempted to incorporate in and make a part of the constitution certain session laws and said that chapter 151 of the Compiled Laws of 1913 "shall be applicable to the bonds issued pursuant to the amendment." This was a part of the measure but the petition

did not set forth the full text of this law which was to be incorporated therein. The same proposal also provided that "chapter 147 of the 1919 Session Laws of North Dakota, as. amended, and senate bill number 250, passed at the Legislative Session of 1923, amending and re-enacting the depositors' guaranty fund law, shall not be repealed until the bonds issued under this amendment have been paid in full and the rate of assessment provided for shall not be amended in any manner except that § 10 is amended to read; etc." The proposal made these a part of the proposed measure but did not set them forth in full and therefore the full text of the proposed measure was not set forth. By the terms of the petition the people were required to vote upon those particular session laws, for the later ones cited were made, "irrepealable by subsequent legislation, whether initiated by the people or enacted by the legislature." The secretary of state held that this petition for a constitutional amendment did not set forth the full text of the measure and his decision was confirmed by this court on review.

In the case at bar, however, no laws are referred to nor incorporated therein. It is not the intention of the proposers to incorporate any previous legislation into this measure. No reference is made to such legislation. The measure is complete in itself and the petition signed and filed with the secretary contains the full text of the proposed measure ·to be submitted to the people, and as intended by the proposers. There is no intention indicated that any law, regulation or quotation is to be a part of this measure. That it may not be possible to interpret it without reference to other laws, or that the interpretation may require reference to some rulings of bureaus and commissions and that this, of necessity, would affect the constitutionality of the measure, as urged by the petitioners herein, is an entirely different question.

As said in Anderson v. Byrne, ante, 218, 242 N. W. 687, 691:

"We are here concerned only with a proposed statute that contains within itself the complete expression of legislative purpose. Nothing is sought to be incorporated by reference. It may with perfect propriety conflict with many pre-existing statutes. There is no requirement that a statute thus affected by a subsequent statute must be incorporated or otherwise referred to in the measure or later enactment. Petitioners in proposing a new statute changing or affecting existing

laws in numerous respects are under no different obligation to set forth or enumerate the conflicting statutes affected thereby than would be the Legislature itself pursuing a similar purpose. All that is required in this respect is that the petition contain the full text of the measure or the full expression of the legislative will. This requirement is met in the instant case."

We hold that the proposed measure does contain the full text of the measure as required by § 25 of the constitution.

The secretary of state is not required nor permitted to determine whether the proposed measure is constitutional in substance. He is not required to hazard an opinion as to whether, if adopted, it would be subject to constitutional objections.

In Anderson v. Byrne, supra, we showed that the powers of the secretary of state did not extend to a determination of whether a proposed measure was in substance unconstitutional. In that case it was urged that the proposed initiated law violated the constitution in many respects and therefore that the secretary of state should be enjoined from publishing the same and placing it upon the official ballot for election. In Preckel v. Byrne, supra, while a violation of a constitutional provision was involved, to-wit: failure to set forth enacting clause in the proposed measure, nevertheless we held the omission affected the form of the proposed measure even though the same objection might have been urged later as affecting the substance of the law, if adopted.

It is said the proposed measure is defective because it expresses more than one subject, thus violating § 61 of the constitution; and that it revises and amends existing acts without setting forth the acts revised or amended, thus violating § 64 of the constitution. The secretary of state, in passing upon the form of the proposed measure, does not consider whether there are other laws upon similar subjects and therefore does not determine whether the proposed measure revises or amends existing statutes. Neither may he determine whether the title is in fact constitutional. There is a title to the proposed act and, under the constitutional provision invoked, the question of whether all portions of the proposed measure are contained within the title, or are separate and distinct propositions, and more than one subject is embraced in the act is a substantive matter beyond his right to determine.

643.

, As to these objections therefore it is not necessary to elaborate further thereon. As stated in Anderson v. Byrne, supra:

"A litigant can be heard to question in this court the constitutionality of a statute only when, and in so far as, it is applied to his disadvantage.

"It is no part of the judicial function to interfere with constitutional processes of legislation, and the Supreme Court cannot entertain a suit, the purpose of which is to test the constitutionality of a proposed statute on the ground that if enacted it will conflict with the constitutional rights of the litigant."

It is urged that the proposed measure is incapable of proper interpretation, is meaningless, and that it is impossible to ascertain therefrom what employees are affected, or how their salaries would be computed. All this refers to the interpretation of the act to be determined when presented in a proper suit.

This disposes of the objections raised. The application for an order enjoining the secretary of state from placing the measure upon the ballot and prohibiting its publication is denied.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL and BURKE, JJ., concur.