Brynhild **HAUGLAND, Chester Reiten, and Rolland Redlin, Petitioners,**

v.

Ben **MEIER, Secretary of State, State of North Dakota, Respondent.**

Civ. No. 10472.

Supreme Court of North Dakota.

July 1, 1983.

McGee, Hankla, Backes & Wheeler, Minot, for petitioners; Russel G. Robinson, Minot, on brief; argued by Orlin W. Backes, Minot.

Robert O. Wefald, Atty. Gen., Bismarck, for respondent; argued by Terry L. Adkins, Asst. Atty. Gen.

PEDERSON, Justice.

This is an original proceeding to review the decision of the secretary of state approving, as to form, a petition to refer House Bill No. 1500 changing the name of Minot State College to Dakota Northwestern University. We conclude that the petition contains impermissible statements,[1] even though it otherwise is in proper form, and, accordingly, we set aside the decision of the secretary of state approving the petition form.

The Forty-eighth Legislative Assembly passed House Bill No. 1500 and, after it was signed by the governor, the bill was filed on April 19, 1983 with the secretary of state. On May 23, 1983 the secretary of state approved the form of the petition to refer House Bill No. 1500 presented by a sponsoring committee chaired by V.R. Steinwand.[2]

On June 22, 1983 Brynhild Haugland, Chester Reiten and Rolland Redlin[3] commenced this proceeding, seeking the review of the decision of Ben Meier, Secretary of State, in approving the form of the referral petition.

The power to refer legislative acts for either the approval or rejection by the electors is reserved to the people of North Dakota by Article III, North Dakota Constitution. Article III is declared to be self-executing and all of its provisions are mandatory. Some statutes have been enacted to facilitate and safeguard the referral powers[4], but none relate to the mechanics of the approval of the form of the petition by the secretary of state nor to the scope of the review contemplated thereof by this court.

The only portion of the petition attacked by Haugland, Reiten and Redlin is the fol-

1. The unfairness of a statement on a referral petition is not the sole cause for rejection of that petition. Neither the secretary of state nor this court should be in the position of exercising a subjective judgment in considering the form of the petition. Although an unfair statement designed to influence petition signers is objectionable, all extraneous statements are disapproved. For a discussion of fairness, see 42 Am.Jur.2d, Initiative and Referendum, § 23, and 82 C.J.S., Statutes, § 126.

2. Mr. Meier argues that he did not approve the "surplusage" placed on the petition form by the sponsoring committee, including the statement of intent and designation of which election the matter would be voted upon.

3. Representative Brynhild Haugland and Senators Chester Reiten and Rolland Redlin represent Legislative District 40–50 in the North Dakota Legislative Assembly and were sponsors of H.B. 1500. Minot State College is located in District 40–50.

4. See, for example, §§ 16.1–01–09 and 16.1–06–09, NDCC.

lowing, labeled "Statement of Intent," near the top of the petition:

"House Bill No. 1500 would rename Minot State College to Dakota Northwestern University. This would increase the number of universities in the state from two to three, with commensurate increases in state funding responsibilities."

■■■■ Prior to a renumbering of articles and sections of the North Dakota Constitution, the provisions with which we are here concerned were a part of Article 105. Some of the statements in *McCarney v. Meier,* 286 N.W.2d 780 (N.D.1979) are particularly applicable to this case. As we noted in *McCarney:*

"Under the principle of separation of powers, courts do not substitute their judgment for that of an executive officer who has exercised a discretionary function. [Cite omitted.] That has no application, however, to ministerial acts." *McCarney, supra,* 286 N.W.2d at 783. We concluded that we were not bound by the secretary of state's interpretation of the constitution and that a question of law as to the sufficiency of the petition vests no discretion in the secretary. In other respects *McCarney v. Meier* is distinguishable on its facts from this case and did not involve what is now Section 2 of Article III.

Unlike in *McCarney,* we have in this case a challenge of the approval of the form of the petition at a time when a determination of insufficiency still affords time for correction or amendment. See Section 6, Article III, North Dakota Constitution.

This court's review of decisions by the secretary of state is specifically authorized by Sections 6 and 7 of Article III, North Dakota Constitution.

Haugland, Reiten and Redlin argue that the act being referred (H.B. 1500) does not involve "commensurate increases in state funding," and that that statement "is improper editorial comment, and is misleading and incorrect." It is pointed out that for the 1983–1985 biennium the Legislature funded the operation of Dakota Northwestern University at $1,806,762, less than was appropriated for Minot State College for the biennium 1981–1983.

The precedent established, were we to approve the placing of extraneous material not required by the constitution or statutes upon petitions or ballots relating to initiative, referendum or recall proceedings, would open the process to misleading information and even to mudslinging and partisan tactics. We are satisfied that this was not, and is not, the intent of our constitution. It was therefore improper for the secretary of state to decline to consider the extraneous statement contained in the Statement of Intent in this case. As we have indicated herein, he should have considered it and he should have disapproved it.

The decision by the secretary of state approving the petition form is set aside and the secretary of state is enjoined from approving, for the purpose of placing House Bill 1500 on the election ballot, the petitions which contain the impermissible Statement of Intent and which were circulated containing that statement.

ERICKSTAD, C.J., and PAULSON, VANDE WALLE and SAND, JJ., concur.