**Evan E. LIPS, Bonnie Miller Heinrich, and Patrick A. Conmy, Applicants,**

**v.**

**Ben MEIER, Secretary of State, State of North Dakota, Respondent.**

**Civ. No. 10483.**

Supreme Court of North Dakota.

July 12, 1983.

John M. Olson (argued), and R.W. Wheeler, Bismarck, for applicants.

Robert O. Wefald, Atty. Gen., and Terry L. Adkins, Asst. Atty. Gen., Bismarck, for respondent.

Dale W. Moench, of Rosenberg, Evans, Moench & Baird, Bismarck, for Sponsoring Committee, intervenor.

VANDE WALLE, Justice.

This is an original proceeding for review of the decision of the Secretary of State approving, as to form, a petition to refer Senate Bill 2073 relating to the assumption by the State of jurisdiction over junior colleges and off-campus educational centers. We conclude that the petition contains impermissible statements, even though it otherwise is in proper form, and we set aside the decision of the Secretary of State approving the petition form.

The Forty-eighth Legislative Assembly enacted Senate Bill 2073 (1983 N.D.Sess. Laws Ch. 192) and, after it was signed by the Governor on April 18, 1983, the bill was filed with the Secretary of State. On May 23, 1983, the Secretary of State approved the form of petition for referral of Senate Bill 2073 presented by a sponsoring committee.

On July 6, 1983, Evan E. Lips, Bonnie Miller Heinrich, and Patrick A. Conmy[1] commenced this proceeding seeking the review of the decision of Ben Meier, Secretary of State, in approving the form of the referral petition.

The only portion of the petition attacked by Lips, Miller Heinrich, and Conmy is the following, labeled "Statement of Intent":

"Senate Bill 2073 would take three junior colleges (Bismarck Junior College, University of North Dakota-Williston Center, and Lake Region Community College) now under the control of local school districts and put them under the control of the North Dakota Board of Higher Education. The burden of financing these three institutions would then become the responsibility of the State of North Dakota."[2]

---

1. Senator Evan Lips and Representative Patrick Conmy represent Legislative District 47 in the North Dakota Legislative Assembly. Senator Bonnie Miller Heinrich represents Legislative District 32 in the North Dakota Legislative Assembly. Both districts encompass portions of the Bismarck School District. Bismarck

Junior College is in the Bismarck School District.

2. The Secretary of State in his return denies, as he did in *Haugland v. Meier*, 335 N.W.2d 809 (N.D.1983), "that the respondent approved the Statement of Intent as to form for inclusion

The Secretary of State has responded to the application for review and concedes that this matter is governed by the holding of this court in *Haugland v. Meier,* 335 N.W.2d 809 (N.D.1983).[3]

We agree with the Secretary of State that this matter is governed by our decision in *Haugland, supra.* In *Haugland* we stated:

> "The precedent established, were we to approve the placing of extraneous material not required by the constitution or statutes upon petitions or ballots relating to initiative, referendum or recall proceedings, would open the process to misleading information and even to mudslinging and partisan tactics. We are satisfied that this was not, and is not, the intent of our constitution. It was therefore improper for the secretary of state to decline to consider the extraneous statement contained in the Statement of Intent in this case. As we have indicated herein, he should have considered it and he should have disapproved it." 335 N.W.2d at 811.

The Sponsoring Committee of the referral petition requested leave of this court to intervene for the purpose of offering evidence and filing briefs. The Sponsoring Committee alleges that a decision in this matter adverse to the Secretary of State and the Sponsoring Committee will not allow sufficient time to correct or amend the referendum petition because the time for filing referendum petitions regarding Senate Bill 2073 will lapse on July 18, 1983.[4] The position of the Sponsoring Committee appears to be that because the Secretary of State and the Attorney General did not direct that the statement of intent be removed from the petition and because extraneous material has been present on previous petitions the Sponsoring Committee was

---

within the referendum petition for Senate Bill 2073."

**3.** The Secretary of State does note in his return that "his actions in approving the referendum petition as to form were governed by the then applicable case law of this Court holding that extraneous statements do not invalidate a referendum petition [*Schumacher v. Byrne,* 61 N.D. 220, 237 N.W. 741 (N.D.1931) ], and that the Secretary of State's sole authority in reviewing a petition was to determine whether that information constitutionally required to appear was indeed present [*Preckel v. Byrne,* 62 N.D. 634, 244 N.W. 781 (N.D.1932) ]."

Insofar as the previous decisions of this court in *Preckel v. Byrne,* 62 N.D. 634, 244 N.W. 781 (N.D.1932), and *Schumacher v. Byrne,* 61 N.D. 220, 237 N.W. 741 (N.D.1931), are concerned, they are distinguishable in several aspects. The then applicable constitutional provision, Article II, Section 25, North Dakota Constitution, did not require nor allow approval of the petition form by the Secretary of State prior to its circulation as does the current constitutional provision, Article III, Section 2. The issue in *Schumacher* involved the statutory requirement that each signer of the petition add his residence, postoffice address, and the date of signing to the petition, although the court did comment on the wording on the ballot title which appeared on the petition as required by the constitutional provision then in effect. The court also commented on the words "Be it enacted by the people of the state of North Dakota" which the challengers of the petition considered made it an initiative rather than a referral petition. The court stated: "It is true that the provision for the use of the sentence quoted is used in connection with initiated measures and that nowhere in the Constitution is there a requirement for such provision in a referendum petition; but even though contained in the referendum petition it does not necessarily invalidate the petition. As pointed out, there is no prescribed form; ..." 61 N.D. at 229, 237 N.W. at 745. The court went on to note that the phrase could not be misleading nor could it be reasonably assumed that the petition was a petition to initiate a law. In *Preckel,* the court considered the issue of whether or not a petition for an initiated measure contained the full text of the measure as required by the Constitution. Thus the issue was whether or not the petition form carried less, not more, than the Constitution required.

**4.** Interestingly enough, Senate Bill 2073 has a delayed effective date of July 1, 1984. Under our current constitutional provisions the same number of signatures is required to initiate a measure as to refer a measure. Article III, Section 4. An initiative petition must be submitted not less than 90 days before the statewide election at which the measure is to be voted upon. Article III, Section 5. The next regular statewide election is in June 1984 (see Section 16.1–11–01, N.D.C.C.), prior to the effective date of Senate Bill 2073. However, an initiated measure approved by the electorate becomes effective 30 days after the election and a referred measure which is rejected shall be void immediately. Article III, Section 8.

misled. We heard oral argument and have considered the written motion of the Sponsoring Committee and we deny the relief requested. We have referred to the argument now made by the Sponsoring Committee relative to decisions of this court prior to the approval of the current constitutional provisions (see footnote 3). We consider the issue to be essentially legal rather than factual in nature and we conclude that evidence of extraneous material on prior initiative or referendum petitions which was not challenged in this court would not alter our decision. Nor can we conclude that the failure of the Secretary of State to order the statement of intent deleted before approving the petition is binding upon us. In Article III, Sections 6 and 7, our Constitution specifies that all decisions of the Secretary of State in regard to any such petition shall be subject to review by our court in the exercise of original jurisdiction.[5]

The decision by the Secretary of State approving the petition form is set aside and the Secretary of State is enjoined from approving, for the purpose of placing the referendum of Senate Bill 2073 on the election ballot, the petition containing the impermissible statement of intent which was circulated and filed with the Secretary of State.

ERICKSTAD, C.J., and PEDERSON, SAND and PAULSON, JJ., concur.

---

**5.** The Attorney General argues that we should seize this opportunity to define what we meant by "extraneous material" in *Haugland v. Meier* for the future guidance of the Secretary of State and the Attorney General. This court has long indicated it will not issue advisory opinions. We believe it is sufficient to note that the statement of intent in this case, as in *Haugland,* was substantive rather than procedural.